ORIGINAL

FILED
MAR 12 2007
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT of FEDERAL CLAIMS

| | | |
|---|---|---|
| SAMUEL ADAMS and CORNELIA T. ADAMS | § | |
| EUGENE T. D'ABLEMONT and MARY W. D'ABLEMONT | § | |
| Plaintiffs, | § | CIVIL NO. 07-162 T |
| v. | § | JUDGE |
| UNITED STATES OF AMERICA | § | |
| Defendant. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

1. Plaintiffs Samuel Adams and Cornelia T. Adams and Eugene T. D'Ablemont and Mary W. D'Ablemont (collectively "Plaintiffs") are citizens of the United States of America.

2. The Defendant is the United States of America.

3. This is a suit arising under Sections 7422, 6401, 6402, 6230, 6404(e(1), and 6621(c) of the Internal Revenue Code[1] and the laws of the United States for the refund of income taxes collected from Plaintiffs.

4. Jurisdiction is conferred upon the Court by Title 28, Sections 1346(a)(1) and 1491(a)(1) of the United States Code.

[1]References to Section, §, and the Internal Revenue Code are to Title 26 of the United States Code.

**ADAMS**
**COUNT ONE**
**(Calendar Year 1985)**

5. Samuel Adams and Cornelia T. Adams (the "Adams") live at 3 Overledge Rd., Manchester, MA 01944.

6. Samuel Adams and Cornelia T. Adams filed a timely joint federal income tax return for calendar year 1985 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-0519 and XXX-XX-9337, respectively.

7. Samuel Adams was a limited partner in El Rancho Vineyards ("ERV"), a California limited partnership.

8. ERV timely filed its 1985 Form 1065, partnership tax return.

9. A dispute arose between the IRS and ERV as to certain partnership items reported on the partnership's tax return and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnership's return.

10. The Adams and the IRS entered into a settlement agreement with respect to the ERV partnership items using a Form 870-P(AD).

11. On February 21, 2000, the IRS assessed tax liability of $9,766.00 against the Adams for 1985. The IRS also assessed interest and §6621(c) penalty interest of $33,606.35.00 against the Adams for 1985.

12. On March 29, 2000, the Adams made a payment of $43,372.35 to their 1985 tax account.

13. On September 14, 2000, the Adams filed with the IRS a claim for refund of $9,766.00 of tax and $33,606.35 for interest and §6621(c) penalty interest assessed and paid for 1985.

14. As grounds for recovery, the Adams restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1985:

A. The assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to §6401. The assessment related to the partnership was made more than three years after the partnership return was filed. The settlement upon which the assessment was based was solicited by the IRS and entered into by the Plaintiffs after the statute of limitations had expired. *Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2d 499 (4th Cir. 1990). An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid Notice of Final Partnership Administrative Adjustment ("FPAA") nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred because the claim does not seek a change in the "treatment of partnership items."

B. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to §6401. *Alexander, supra; Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

C. The claim was timely filed within two years from the date of payment. Additionally, even if any of the periods under §6230 apply to any portion of this claim, it is timely under those provisions as well.

D. In the alternative, even if the statute of limitations does not bar the assessment and collection of tax, Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by Plaintiffs and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by Plaintiffs such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the settlements reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

E. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated

transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it. *See also Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

F. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction.

G. The recomputation of interest must take into account the doctrine in *Avon Products v. Commissioner*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

H. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr. Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized

the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted , all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the tax matters partners in writing with regard to the civil partnership level return examination.

I. Interest should also be abated for the period beginning with a date 45 days after the finality of the Tax Court decision reflecting the partnership item settlement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

J. The settlement agreement entered into was a "Consistent Agreement" under §6224(c), which by statute and the Tax Court's published decisions in the *Greenberg* cases, clearly only applies to a settlement regarding "partnership items" and the applicability of §6621(c) is not a partnership item, nor is the applicability of the abatement provisions pursuant to §6404, nor is any defense based on the statute of limitations, therefore, this claim ***cannot*** be precluded by the terms of the settlement

and any attempt to do so by the IRS can only be construed to be frivolous and abusive. The settlement agreement was clearly stamped as a "Consistent Agreement."

15. Over six (6) months have elapsed since the Adams filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

16. The Adams are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

**D'ABLEMONT**
**COUNT ONE**
**(Calendar Year 1984)**

17. Eugene T. D'Ablemont and Mary W. D'Ablemont (the "D'Ablemonts") live at 18 Westway, Bronxville, NY, 10708.

18. Eugene T. D'Ablemont and Mary W. D'Ablemont filed a timely joint federal income tax return for calendar year 1984 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-0641 and XXX-XX-6279, respectively.

19. Eugene T. D'Ablemont was a limited partner in Agri-Venture II ("AV2"), a California limited partnership.

20. AV2 timely filed its 1984 Form 1065, partnership tax return.

21. A dispute arose between the IRS and AV2 as to certain partnership items reported on the partnership's tax return and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnership's return.

22. The D'Ablemonts and the IRS entered into a settlement agreement with respect to the AV2 partnership items using a Form 870-P(AD).

23. On March 20, 2000, the IRS assessed tax liability of $27,235.50 against the D'Ablemonts for 1984. The IRS also assessed interest and §6621(c) penalty interest of $80,298.40 against the D'Ablemonts for 1984.

24. On May 22, 1997, the D'Ablemonts made an advance remittance of $107,049.94 to their to their 1984 tax account, which the IRS applied to the March 2000 assessments. On March 24, 2000, the D'Ablemonts paid the remaining balance of $483.96 on their 1984 tax account.

25. On September 14, 2000, the D'Ablemonts filed with the IRS a claim for refund of $27,235.50 of tax and $80,298.40 for interest and §6621(c) penalty interest assessed and paid for 1984.

26. As grounds for recovery, the D'Ablemonts restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1984:

A. The assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to §6401. The assessment related to the partnership was made more than three years after the partnership return was filed. The settlement upon which the assessment was based was solicited by the IRS and entered into by the Plaintiffs <u>after</u> the statute of limitations had expired. *Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2d 499 (4th Cir. 1990). An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768

(1947). (Neither an invalid Notice of Final Partnership Administrative Adjustment ("FPAA") nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred because the claim does not seek a change in the "treatment of partnership items."

B. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to §6401. *Alexander, supra; Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

C. The claim was timely filed within two years from the date of payment. Additionally, even if any of the periods under §6230 apply to any portion of this claim, it is timely under those provisions as well.

D. In the alternative, even if the statute of limitations does not bar the assessment and collection of tax, Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by Plaintiffs and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by Plaintiffs such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the settlements reflected only a concession to

the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

E. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner,* 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it. *See also Weiner v. United States,* 389 F.3d 152 (5th Cir. 2004); *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

F. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction.

G. The recomputation of interest must take into account the doctrine in *Avon Products v. Commissioner*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and

conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

H. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr. Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted , all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first

contacted the tax matters partners in writing with regard to the civil partnership level return examination.

I. Interest should also be abated for the period beginning with a date 45 days after the finality of the Tax Court decision reflecting the partnership item settlement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

J. The settlement agreement entered into was a "Consistent Agreement" under §6224(c), which by statute and the Tax Court's published decisions in the *Greenberg* cases, clearly only applies to a settlement regarding "partnership items" and the applicability of §6621(c) is not a partnership item, nor is the applicability of the abatement provisions pursuant to §6404, nor is any defense based on the statute of limitations, therefore, this claim ***cannot*** be precluded by the terms of the settlement and any attempt to do so by the IRS can only be construed to be frivolous and abusive. The settlement agreement was clearly stamped as a "Consistent Agreement."

27. Over six (6) months have elapsed since the D'Ablemonts filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

28. The D'Ablemonts are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

**D'ABLEMONT**
**COUNT TWO**
**(Calendar Year 1985)**

29. Eugene T. D'Ablemont and Mary W. D'Ablemont filed a timely joint federal income tax return for calendar year 1985 and paid the taxes reported due on that return. Their taxpayer

identification numbers, as reflected on that tax return, are XXX-XX-0641 and XXX-XX-6279, respectively.

30. Eugene T. D'Ablemont was a limited partner in Agri-Venture Fund ("AVF"), a California limited partnership.

31. AVF timely filed its 1984 Form 1065, partnership tax return.

32. A dispute arose between the IRS and AVF as to certain partnership items reported on the partnership's tax return and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnership's return.

33. The D'Ablemonts and the IRS entered into a settlement agreement with respect to the AVF partnership items using a Form 870-P(AD).

34. On March 20, 2000, the IRS assessed tax liability of $12,155.00 against the D'Ablemonts for 1985. The IRS also assessed interest and §6621(c) penalty interest of $30,088.59 against the D'Ablemonts for 1985.

35. On May 22, 1997, the D'Ablemonts made an advance remittance of $40,841.92 to their to their 1985 tax account, which the IRS applied to the March 2000 assessments. The IRS refunded the remaining balance to the D'Ablemonts.

36. On September 14, 2000, the D'Ablemonts filed with the IRS a claim for refund of $12,155.00 of tax and $30,088.59 for interest and §6621(c) penalty interest assessed and paid for 1985.

37. As grounds for recovery, the D'Ablemonts restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1985:

A. The assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to §6401. The assessment related to the partnership was made more than three years after the partnership return was filed. The settlement upon which the assessment was based was solicited by the IRS and entered into by the Plaintiffs after the statute of limitations had expired. *Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2d 499 (4th Cir. 1990). An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid Notice of Final Partnership Administrative Adjustment ("FPAA") nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred because the claim does not seek a change in the "treatment of partnership items."

B. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to §6401. *Alexander, supra; Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

C. The claim was timely filed within two years from the date of payment. Additionally, even if any of the periods under §6230 apply to any portion of this claim, it is timely under those provisions as well.

D. In the alternative, even if the statute of limitations does not bar the assessment and collection of tax, Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by Plaintiffs and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by Plaintiffs such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the settlements reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

E. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner,* 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it. *See also Weiner v. United States,* 389 F.3d 152 (5th Cir. 2004); *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury

Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

F. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction.

G. The recomputation of interest must take into account the doctrine in *Avon Products v. Commissioner*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

H. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr. Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date

when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted , all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the tax matters partners in writing with regard to the civil partnership level return examination.

I. Interest should also be abated for the period beginning with a date 45 days after the finality of the Tax Court decision reflecting the partnership item settlement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

J. The settlement agreement entered into was a "Consistent Agreement" under §6224(c), which by statute and the Tax Court's published decisions in the *Greenberg* cases, clearly only applies to a settlement regarding "partnership items" and the applicability of §6621(c) is not a partnership item, nor is the applicability of the abatement provisions pursuant to §6404, nor is any defense based on the statute of limitations, therefore, this claim ***cannot*** be precluded by the terms of the settlement and any attempt to do so by the IRS can only be construed to be frivolous and abusive. The settlement agreement was clearly stamped as a "Consistent Agreement."

38. Over six (6) months have elapsed since the D'Ablemonts filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

39. The D'Ablemonts are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

WHEREFORE, Plaintiffs Samuel Adams and Cornelia T. Adams pray for judgment against Defendant, the United States of America, in the amount of $43,372.35, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

WHEREFORE, Plaintiffs Eugene T. D'Ablemont and Mary W. D'Ablemont pray for judgment against Defendant, the United States of America, in the amount of $149,777.49, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Respectfully,

Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS

Of Counsel for Plaintiffs:
Teresa J. Womack
Texas State Bar No. 00788707
Sallie W. Gladney
Texas State Bar No. 00787546
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)